**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**MEDTRONIC, INC.,**

Plaintiff,

v.

**SUZANNE CARPENTER,**

Defendant.

Civil No. 00-60 (PAM/JGL)

**ORDER**

APPEARANCES

Jonathan S. Parritz, Esq., on behalf of Plaintiff Medtronic, Inc.

Edward L. Friedman, Esq., on behalf of Defendant Suzanne Carpenter.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on September 5, 2000, on Defendant's Motion for Leave to File an Amended Pleading (Doc. No. 18). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED SEP 21 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

## I. INTRODUCTION

This litigation arises out of an employment dispute. Plaintiff commenced this action to recover 4,648 shares of stock that Defendant obtained by exercising stock options she received under Plaintiff's incentive compensation plans. Less than six months after exercising her stock options, Defendant resigned her employment with Plaintiff and went to work for a competitor.

Defendant included the following affirmative defenses against Plaintiff in her Answer filed on February 4, 2000: failure to state a claim; general denial; untimely assertion of rights; violation of public policy; unreasonable restrictions; unreasonably anticompetitive restraint of trade; absence of a legally protectable interest; unenforceable penalty provisions; waiver/estoppel; unclean hands; laches; unreasonable forfeiture; no harm; unreasonable damages request; and improper venue.

Defendant claims her decision to leave the employ of the Plaintiff was due to gender discrimination. She seeks leave to amend her answer to assert four counterclaims: breach of contract, conversion, commissions, and sex discrimination. Furthermore, Defendant seeks to amend her answer to include constructive discharge, retaliation, and detrimental reliance as additional affirmative defenses. Plaintiff opposes only the constructive discharge and retaliation affirmative defenses, and the sex discrimination counterclaim. Therefore, the Court will discuss only the opposed provisions.

## II. DISCUSSION

The pretrial order in this case established a deadline of August 1, 2000 for motions seeking to amend the pleadings. The Court notes that Defendant filed her motion to amend on August 1, 2000, and the hearing occurred on September 5, 2000.

Federal Rule of Civil Procedure 15(a) governs a party's right to amend its pleadings; leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts have taken a liberal position for leave to amend, and such motions should usually be granted absent good reason for a denial. See Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989). Good reasons for rejecting a proposed amendment are "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment . . . ." Id. citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Inclusion of a claim or defense based on facts already known or available to both parties ordinarily does not prejudice the non-movant. See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981) (citation omitted). Finally, a party's motion to amend should be denied only if it asserts "clearly frivolous claims or defenses." Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994) (quoting Buder, 644 F.2d at 695).

**A. Defendant's Proposed Affirmative Defenses**

Defendant requests leave to amend her Answer to include constructive discharge, retaliation, and detrimental reliance as additional affirmative defenses. Plaintiff opposes the addition of the constructive discharge and retaliation defenses, and argues that these defenses would be futile because the new claims could not survive a motion to dismiss. Plaintiff asserts that because the Minnesota Department of Human Rights denied Defendant's claim, Defendant therefore has no basis for her affirmative defenses. The Court disagrees.

Defendant argued at the hearing that these affirmative defenses are a direct defense against the Plaintiff's stock options plans. The plans provide detailed circumstances under which the Plaintiff may recover its stock; one of those circumstances can occur when an employee voluntarily resigns. Defendant disputes that she voluntarily resigned, and argues that she was constructively discharged. This is a question of fact to be determined by the fact finder. Because there is a factual dispute over the nature of Defendant's resignation, her claims can survive a motion to dismiss. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). Therefore, the Court finds that Defendant's proposed affirmative defenses are not futile as Plaintiff suggests. Defendant shall be granted leave to amend her Answer to plead the proposed affirmative defenses in paragraphs 48-50 of her proposed Amended Answer.

**B. Defendant's Proposed Counterclaims**

Defendant requests leave to amend her Answer to include counterclaims for breach of contract, conversion, commissions, and sex discrimination. Plaintiff opposes, and the Court will therefore only discuss, the sex discrimination counterclaim.

Plaintiff argues that Defendant's claim of sex discrimination is futile and could not survive a motion to dismiss. Plaintiff bases its argument on the Minnesota Human Rights Act (MHRA), which defines an employee as "an individual who is employed by an employer and who resides or works in this state. Employee includes a commission salesperson . . . who resides or works in this state." Minn. Stat. § 363.01 (2000). Plaintiff asserts that because the Minnesota Department of Human Rights determined that Defendant did not meet the eligibility requirements of the MHRA, the Court should therefore disallow Defendant from bringing her sex discrimination claim in this action.

The decisions of the Minnesota Department of Human Rights are entitled to deference. See Cummings v. Koehnen, 568 N.W.2d 418, 424 (Minn. 1997). Defendant argues that for purposes of the MHRA, she worked in Minnesota because she traveled here frequently and her ultimate superiors, including the person who denied her promotion, were located in Minnesota. The Court declines to decide the factual issue of whether Defendant worked in Minnesota.

Defendant has not unduly delayed, shown bad faith or dilatory motive, or previously amended her Answer. Furthermore, the Court finds that Plaintiff will not be prejudiced by Defendant's proposed amendments. See Thompson-El v. Jones, 876 F.2d at 67. An amendment should be denied only if it asserts "clearly frivolous claims or defenses." Gamma-10 Plastics, Inc., 32 F.3d at 1255. Defendant's claims are not clearly frivolous. Therefore, under the liberal standard of Fed. R. Civ. P. 15(a), the Court will allow Defendant to amend her Answer to include the proposed counterclaims as set forth in paragraphs 51-87 of the proposed Amended Answer.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Leave to File an Amended Answer (Doc. No. 18) is **GRANTED.** Defendant shall file an Amended Answer with the Clerk of Court and serve a copy on opposing counsel within fourteen days of the date of this Order.

Dated: September 21, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge